**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DARILE JOHNSON**                                                           **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 3:16CV395-LG-LRA**

**MARSHALL FISHER**                                               **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Darile Johnson filed the instant petition for writ of habeas corpus relief on May 27, 2016. Respondent moves to dismiss the petition for failure to exhaust state court remedies. Alternatively, Respondent submits that the petition should be dismissed for lack of merit. The Court recommends that the motion be granted for the reasons that follow.

Petitioner Johnson is currently in the custody of the Mississippi Department of Corrections ("MDOC") serving sentences for a 2013 revocation from the Circuit Court of Lauderdale County, Mississippi, and 2012 convictions from the Circuit Court of Hinds County, Mississippi. In 2012, Johnson pled guilty to two counts of possession of a firearm by a convicted felon and one count of possession of stolen property in the Circuit Court of Hinds County, Mississippi. On November 5, 2012, he was sentenced to serve concurrent terms of **seven** years each on the firearm convictions, and a term of **five** years for the possession of stolen property, to run concurrently to the firearm convictions, followed by three years post-release supervision.

Johnson had previously been convicted of accessory after the fact to aggravated assault in the Circuit Court of Lauderdale County in September 2010. He was sentenced to serve a term of 5 years imprisonment. According to Johnson, four years and 364 days were suspended with probation.[1] However, he was subsequently charged with violating the terms and conditions of his release. After a revocation hearing on February 6, 2013, he was ordered to serve **4 years and 364** days to run consecutively to his Hinds County convictions. The order further provided that Petitioner "shall receive jail credit for 352 days as follows: 1-16-12 to 2-6-13, and shall not receive this credit in Hinds County cases."[2]

On May 27, 2016, Johnson filed the instant petition for relief challenging MDOC's computation of his sentences – specifically, the sentence imposed by the Lauderdale Circuit Court pursuant to his revocation. He raises the following issues (as stated by petitioner):

Ground One: illegal sentence and brief that is amended to support this issue now before this court herein. I have two different sentences that was order from the circuit court to run consecutive. the First sentence was given to me From Lauderdale County Circuit Court in September 2010, and the Second sentence was given from Hinds County Circuit Court in November of 2012, and it was order by Lauderdale County Circuit Court, Judge Williams Jr. to run this sentence consecutive from Hinds County sentence.

Ground Two: MDOC does not have the Power nor the jurisdiction to

---

[1] ECF No. 9-2.

[2] ECF No. 1-1–1-4, 9-1–9-4.

>sentence me on their own but they did.  MDOC stacked my two sentences that I received From two different jurisdiction, and one jurisdiction order that their sentence is to run consecutive From the Hinds County Sentence, and I am raising the issue that I have flatting the Lauderdale County Sentence day for day but MDOC still got me serving an 11 years and 364 days sentence that I never was sentence to by the court(s) of law; therefore I AM serving an illegal sentence.  I suppose to be serving a (7) years sentence from Hinds County.[3]

On January 11, 2016, Johnson filed a complaint with the MDOC Administrative Remedy Program ("ARP") alleging that his sentences had been improperly calculated. Johnson claimed that his sentence was illegal because the revocation order provided that his Lauderdale County sentence "**shall not run** (cc) concurrent with Hinds County cases; but shall run (cs) consecutive." (emphasis in original).[4]  Johnson emphatically argues that the sentences are to run consecutively, that is, one after the other, or that the second sentence begins after the first one is completed.  MDOC's first-step response was as follows:

>Offender Johnson your total term to service is correct.  Nov. 5, 2012 you were sentenced to 7yrs, 7yrs and 5 yrs in Hinds County to run concurrent with each for a total of 7 yrs.  Feb. 6, 2013 you were sentenced to 4 yrs 364 days in Lauderdale County to run consecutive with the 7 years from Hinds County for a total of 11 years 364 days in MDOC.  Since you were sentenced on different days you will serve your Hinds County sentence then your Lauderdale County sentence.  You have not flatten your Lauderdale County sentence.  Copies of your sentencing orders are attached.[5]

---

[3]ECF No. 1, pp. 1-15.

[4]ECF No. 9-2, p. 1.

[5]ECF No. 9-3, p. 1

In a second-step response issued pursuant to Johnson's request for review, MDOC clarified the fact that Johnson was sentenced consecutively to prison time in Hinds County first (2012), and therefore that sentence began before the 2013 Lauderdale sentence. Johnson signed and dated the response on May 11, 2016, and was required under Mississippi law to seek judicial review within 30 days. *See* Miss. Code Ann. § 47-5-807. Nothing of record indicates that Johnson sought judicial review in state court before filing the instant petition.

Johnson does not deny in his response to the motion to dismiss that he failed to seek judicial review in state court before filing his petition for habeas relief. He suggests, rather, that filing the instant petition was sufficient to satisfy exhaustion. He also claims that his sentence is illegal because MDOC failed to credit his "street time", i.e., the time served on post-release supervision before returning to MDOC custody. According to Petitioner, he had only "33 months left to serve on the (4) years and 364 days to serve from Feb. 6, 2013," but MDOC erroneously added 4 years and 364 days to his sentence.[6]

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[7] *Parr v. Quarterman,* 472

---

[6] ECF No. 10, pp. 1-5.

[7] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Applying these principles here, it was not enough for Petitioner to complete the MDOC administrative remedy program. Exhaustion requires him to present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Specifically, upon completion of the administrative remedy program and receipt of the appropriate certificate, Petitioner was required to appeal the ruling, within 30 days, to the appropriate circuit court and then to the Mississippi Supreme Court. Miss. Code Ann. §

---

      (A)    the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
           . . . .
  (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

47-5-807; *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010).  However, nothing of record indicates that Petitioner sought the requisite state court review before filing the instant petition for relief.  Until such time, his claims are unexhausted and may not be considered by this Court.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 31st day of October, 2016.

                                               /s/  Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE